IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE EASON HEALEY, | * | |
| | * | |
| v. | * | Civil No. JFM-12-3011 |
| | * | |
| BARR LABORATORIES, INC., et al. | * | |
| | * | |
| | ****** | |

**MEMORANDUM**

Plaintiff Catherine Eason Healey asserts claims of negligence, strict liability, and breach of warranty against defendants Barr Laboratories, Inc., Teva Pharmaceuticals USA, Inc., CVS Pharmacy, Inc., Maryland CVS Pharmacy, LLC, and John or Jane Doe (Pharmacist). The suit was filed in the Circuit Court of Prince George's County and was removed to this court. Healey then filed the pending "Response to Notice of Removal" (ECF No. 22), which will be treated as a motion to remand. The motion is denied.

Although Healey acknowledges that all current parties are diverse[1] and that the amount-in-controversy requirement has been satisfied, Healey contends that complete diversity likely will be destroyed when the John Doe defendant is replaced with the actual pharmacist, whose identity was unknown at the time the complaint was filed in the state court. The existence of complete diversity, however, must be determined without regard to the probable citizenship of John or Jane Doe, the CVS employee named as a defendant. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."). Healey argues that "this is not a case of 'fictitious' defendants" because the CVS employee whom she seeks to sue

---

[1] Healey sought and received confirmation that the sole owner of Maryland CVS Pharmacy, LLC is CVS Pharmacy, Inc.

is a real person. (*See* Pl.'s Res. at 1-2.) But the plain language of section 1441(b)(1) instructs courts to disregard the citizenship of *real defendants* sued under *fictitious names*, and it therefore is applicable. The CVS employee identified on Healey's complaint as "John or Jane Doe (Pharmacist)" therefore will be disregarded and the motion to remand for lack of diversity jurisdiction is denied.

Defendants are instructed to comply with Healey's efforts to determine the identity of the CVS pharmacist who filled the prescription at issue in this case. Healey then may seek to amend the complaint to name the John Doe defendant. *See, e.g.*, *Smith v. Truland Sys. Corp.*, No. 09-1422, 2009 WL 3833980 (D. Md. Nov. 13, 2009). If the addition of the pharmacist would destroy complete diversity, however, and would require the case to be remanded to the state court, *see* 28 U.S.C. § 1447(e), the court may exercise its discretion to determine whether joinder of the pharmacist would be appropriate. *See Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999).


    December 7, 2012                        /s/
Date                                        J. Frederick Motz
                                              United States District Judge