UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

March 20, 2013

MEMO TO COUNSEL RE: Catherine Healey v. Barr Laboratories
Civil No. JFM-12-3011

Dear Counsel:

    For the reasons I will state in a moment, I believe that this case presents a series of difficult issues.  It may be that full litigation and final resolution of those issues will result in the expenditure of unnecessary attorneys' fees, delay, and uncertainty.  Therefore, the purpose of this letter is to ask plaintiff if, after conferring with her counsel, she is willing to dismiss Andrea Roderiquez as a defendant.

    I recognize that dismissal of Ms. Roderiquez as a defendant may interfere with a legitimate interest of plaintiff: to litigate in the forum of her choice.  However, it may also be that even if plaintiff does not voluntarily dismiss Ms. Roderiquez as a defendant, the case may end up being litigated in this court.  In light of that fact, and the possible expenditure of unnecessary attorneys' fees, uncertainty, and delay that may result from plaintiff's failure to dismiss Ms. Roderiquez as a defendant, she may well conclude that her voluntary dismissal of Ms. Roderiquez as a defendant is prudent.  This is particularly true in light of the fact that the CVS defendants presumably are liable for any tort that Ms. Roderiquez committed as a CVS pharmacist.

    Let me now state the reasons I believe that a series of difficult issues are presented.  I do not believe that plaintiff has been at all dilatory in joining Ms. Roderiquez as a defendant.  To the contrary, plaintiff has proceeded diligently in accordance with my memorandum dated December 7, 2012.  Moreover, it may well be that any claims that plaintiff may have against Ms. Roderiquez relate back to the original filing of the complaint under Fed. R. Civ. P. 15(c) and that the Rule thus may prevent the claims against Ms. Roderiquez from being time-barred.  Ms. Roderiquez received notice of the claims against her within the time permitted by Fed. R. Civ. P. 4(m) (as interpreted by the Fourth Circuit, *see Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010)), and the Fourth Circuit apparently has ruled that complaints naming Doe defendants fall within the purview of Rule 15(c).  *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 473 (2007) (en banc) ("In the cases of concern, most notably the cases of 'Doe' submissions, the notice and prejudice requirements of Rule 15(c)(3)(A) and (B) adequately police this strategic joinder practice.").  Because, with defendants' consent, I have already permitted plaintiff to amend their complaint to add Ms. Roderiquez as a defendant, remand of this action to the Circuit Court for Prince George's County, Maryland may be appropriate.

      That said, once the case is remanded, the Circuit Court may well rule that as a matter of state law, any claims that plaintiff has against Ms. Roderiquez are time-barred.  Although I have considered plaintiff's argument seeking to distinguish *Nam v. Montgomery Cnty.*, 127 Md. App. 172, 732 A.2d 356 (1999), I do not find the argument persuasive.  I recognize, as contended by plaintiff, that the Court of Special Appeals found that the plaintiff in *Nam* "evince[d] an intent not to sue the treating health care provider" by belatedly seeking to join the treating health care provider as a defendant.  *Id.* at 187, 732 A.2d at 364.  That fact, however, does not detract from the court's clear rulings that Maryland law does not authorize the filing of Doe pleadings.  *Id.* at 185, 732 A.2d at 363, and that notice to the employer of a newly named defendant is not itself sufficient to have the claims asserted against that defendant relate back to the original filing.  *Id.* at 187, 732 A.2d at 364.  Thus, if the Circuit Court rules that the claims against Ms. Roderiquez are time-barred, the other defendants may again remove the action to this court, provided that the ruling is made within one year of the commencement of this action.  *See* 28 U.S.C. § 1446(c)(1).  If, after a second removal, plaintiff were to file a motion to seek to amend the complaint to add Ms. Roderiquez again as a defendant, I would deny the motion.  A federal procedural rule cannot be permitted to resuscitate a claim that has died under state limitations law.[1]

      Accordingly, I request plaintiff's counsel to advise me on or before March 27, 2013, as to whether plaintiff wants to voluntarily dismiss Ms. Roderiquez as a defendant.  If plaintiff's counsel advises me that plaintiff continues to want to pursue her claims against Ms. Roderiquez, I will rule upon plaintiff's pending motion for reconsideration.  It may be that before ruling, I will ask for supplemental briefing on the *Erie* issue as it relates to relation back under Fed. R. Civ. P. 15(c).  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                                          Very truly yours,

                                                          /s/

                                                          J. Frederick Motz
                                                          United States District Judge

---

[1] I recognize that limitations is an affirmative defense that must be raised by the defendant.  Here, however, Ms. Roderiquez has already filed an answer, raising the limitations defense.